## STATE v. STANLEY.

COUNTY PRISONER: *Contract for labor of.*

Sections 1213, 1214, Mansfield's Digest, provide that persons convicted of misdemeanors may be hired out by the Sheriff for a period not exceeding one day for each 75 cents of the fine and costs until the same are paid. Under this statute the Sheriff entered into a contract with a person, to whom he hired a convict, by which the latter was required to labor twenty-four months in satisfaction of a fine and costs amounting to $283.90. HELD: That such contract was contrary to public policy, and void.

APPEAL from *Nevada* Circuit Court.

C. E. MITCHEL, Judge.

This is an action on a bond given for the hire of a person convicted of a misdemeanor in the Circuit Court, and hired out by the Sheriff to the defendant, Stanley. The complaint states that the fine and costs adjudged against the convict amounted to $283.90, and that by the terms of his bond the defendant, Stanley, bound himself to pay that sum to the Sheriff for the use of Nevada County for the labor of the convict during a period of twenty-four months; that the Sheriff proceeded in such hiring under the direction of the County Court, and that the defendant's bond was filed in that court and approved thereby at a regular term; that "said convict thereupon became and was subject to said defendant, and entered upon service with him,

State v. Stanley.

as by law required." The bond and the judgment of the Circuit Court are exhibited, and the complaint admits that the hiring exceeded "one day for each 75 cents of the fine and costs." The bond exhibited is payable to the county. It does not appear from the complaint or exhibits that the hiring was directed by the judgment of the Circuit Court. The complaint was dismissed on demurrer, and the plaintiff appealed. Section 1213 Mansfield's Digest, is as follows:

"When any person shall be convicted of any misdemeanor under the laws of this State by any court of competent jurisdiction, the court shall render judgment against the person so convicted, which judgment shall direct that the person convicted be put to labor in any manual work-house, or on any bridge or other public improvement, or that the person be hired out to some person as hereinafter provided, until the fine and costs are paid, which shall not exceed one day for each 75 cents of the fine and costs."

By section 1214 it is made the duty of the Sheriff, immediately after the conviction of a person of any misdemeanor, to hire him out, and to take from the person hiring him a bond to the State for the use of the county for the payment of the sum for which he is hired.

*W. E. Atkinson*, Attorney General, for appellant.

The duty of the Sheriff to hire out convicts is statutory, and not dependent on the directions of the court. *Acts of 1877, sec. 5.* The act was for the protection of counties, and to reduce their expenses. *Ib., secs. 1-3.* The provision in section 4 was for the personal protection of the convicts. *Endlich on Int. St., sec. 459.*

The wrong of an officer not imputed to the State. *40 Ark., 256; 42 id., 118.*

The parties having received the benefits of the contract are estopped from setting up objections to its validity. *23 Iowa, 58; 9 Ohio, 201; 36 Ark., 583; 21 ib., 447; 10 Sawy, 464; 71 Ala., 347; Bigelow Est., 657.*

*Smoote, McRae & Arnold*, for appellees.

The law requires the court to direct the hiring, and if it fails to do so the Sheriff is without authority. *Mansf. Dig., secs. 1213, 1214; 37 Ark., 437.* See, also, *secs. 1222, 1226, Mansf. Dig.*

2. The hiring was for less than 75 cents per day, and the bond was void. *Sec. 1213, Mansf. Dig.; 37 Ark., 448; ib., 437; 19 id., 346; 25 id., 209; ib., 376; 29 id., 386; 2 Pars. Cont. (6 ed.), p. 673.*

3. The contract being illegal, the doctrine of estoppel does not apply. Authorities *supra. 19 Ark., 346; 25 id., 210.* Besides the complaint does not allege that the convict performed the labor, nor deny escape. *Sec. 1214 Mansf. Dig.*

COUNTY PRISONER. Contract for labor of.

PER CURIAM: There was no theory upon which the convict could have been reqnired to labor twenty-four months in satisfaction of a fine and costs amounting to $283.90, and the contract of the Sheriff with the defendant is therefore an unlawful attempt to deprive the convict of her liberty and for that reason is contrary to public policy and void.

The question of the liability of Stanley, for the services of the convict during such time as she may have been lawfully detained, is not presented or decided.

Affirm.